IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-52 (3) |
| | § | C.A. No. C-06-436 |
| JULIETTA LEZA, | § | |
| | § | |
|     Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Julietta Leza's ("Leza") motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 (D.E. 168),[1] which was filed by and through counsel. On June 15, 2007, the Court held an evidentiary hearing to address Leza's sole ground for relief. In that claim, Leza alleged that her retained counsel, Robert Berg, was constitutionally ineffective because he advised her that if she went to trial, the maximum sentence that she faced would be seven years, and that she could receive a sentence or two to three years. Mr. Berg had denied these contentions in an affidavit filed by the government, and the Court ordered an evidentiary hearing to resolve this factual dispute and determine which of the parties was more credible on this issue.

**I. BACKGROUND**

The factual background of the offense and the criminal proceedings is set forth in detail in the Court's order setting the hearing (D.E. 182 at 1-5), as are the legal standards governing Leza's claim (D.E. 182 at 6-10), and familiarity with that Order is assumed.

---

[1] Docket entries refer to the criminal case.

1

## II. ANALYSIS

**A.    Leza's § 2255 Claim**

At the evidentiary hearing, the Court heard testimony from Leza, as well as from three of her relatives, from AUSA Jon Muschenheim, who prosecuted Leza's case, and from Mr. Berg, Leza's counsel in the underlying proceedings. For the reasons set forth by the Court at the conclusion of the hearing, the Court found Mr. Berg to be credible and did not find Leza to be at all credible. Specifically, the Court did not believe that Mr. Berg told Leza that she would only receive a seven-year sentence if she went to trial, nor does the Court believe that Mr. Berg ever told Leza that she could receive a sentence of two to three years. Nothing in the record supports that she was surprised by the length of her sentence. In fact, she was given the opportunity to inform the Court of errors in the PSR at sentencing and told the Court that there were no mistakes in the PSR, other than the objections raised by counsel and the date of her arrest. (D.E. 148, Sealed Sentencing Transcript at 39.) Moreover, she told the Court at sentencing that she was still satisfied with the advice and efforts of her attorney, even after having reviewed the PSR and the recommended guideline range. (D.E. 147, Sentencing Transcript at 6.)

On the other hand, the Court found Mr. Berg to be completely credible and, in particular, credits Mr. Berg's testimony that he accurately conveyed to Leza her sentencing exposure prior to trial. Thus, she has not shown deficiency. Cf. United States v. Grammas, 376 F.3d 433, 436-37 (5th Cir. 2004) (a criminal defense attorney acts deficiently if he fails to properly advise the client of the maximum sentence he could receive).

Additionally, the Court concludes that Leza cannot show prejudice because the Court does not believe that she would have pleaded guilty. (See Grammas, 376 F.3d at 438-39 (prejudice requires a showing that, absent counsel's deficiencies, defendant would have pleaded guilty and there was a reasonable probability of receiving a lesser sentence). Rather, the Court finds that she never intended

2

to cooperate (until after being found guilty by a jury) and that she preferred to take her chances at trial, which she did.  Because Leza cannot establish deficiency or prejudice, her sole claim of ineffective assistance fails.  Accordingly, Leza's § 2255 motion is DENIED.

**B.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Leza has not yet filed a notice of appeal, this Court nonetheless addresses whether she would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

Based on the above standards, the Court concludes that Leza is not entitled to a COA.  Based

on the record in this case and the testimony at the hearing, reasonable jurists could not debate the Court's resolution of Leza's claim.

### III. CONCLUSION

For the foregoing reasons, Leza's motion pursuant to 28 U.S.C. § 2255 (D.E. 168) is DENIED. Leza is also denied a Certificate of Appealability.

ORDERED this 21st day of June, 2007.

			_____
			Janis Graham Jack
			United States District Judge